IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PATRICIA ANN SALYER,

      **Plaintiff,**

                              Civil Action 2:12-cv-310
   v.                          Judge Algenon L. Marbley
                              Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

    Plaintiff, Patricia Ann Salyer, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits under Title II of the Social Security Act.  This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 17), the Commissioner's Memorandum in Opposition (ECF No. 20), and the administrative record (ECF No. 13).  For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

I.

A.    **Background**

    Plaintiff filed her application for benefits on December 8, 2008, alleging that she has been disabled since June 1, 2007, at age 32.  (R. at 98-99.)  She met the financial requirements for disability insurance benefits eligibility through December 31, 2012.  Plaintiff alleges disability as a result of bipolar disorder, general anxiety disorder, depression, post-traumatic

stress disorder, back pain from car accidents, severe anger outbursts, fibromyalgia, and drug abuse in remission.  (R. at 114–19, 139.)  Plaintiff's application was denied initially and upon reconsideration.  Plaintiff sought a *de novo* hearing before an administrative law judge.  Administrative Law Judge Julia Terry ("ALJ") held a hearing in November 2010, at which Plaintiff, represented by counsel, appeared and testified.  (R. at 24–61.)  George Coleman, III, a vocational expert ("VE"), also appeared and testified at the hearing.  (R. at 44–60.)

In February 2012, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision.  (R. at 1-3.)  Plaintiff then timely commenced the instant action.  In her Statement of Errors, Plaintiff advances a single contention of error.[1]  Specifically, Plaintiff submits that the ALJ erroneously relied upon the VE's testimony in concluding that she could perform her past relevant work and a significant number of other jobs in the economy.

**B.    Relevant Hearing Testimony**

---

[1] Plaintiff also notes that "[o]ne could argue as an Error of Law that the ALJ incorrectly applied listings of impairment 1.04, 12.04, and 12.06."  (Pl.'s Statement of Errors 2, ECF No. 17.)  Plaintiff did not, however, develop this argument or even formally object to the ALJ's determination that she did not meet or medically equal one of the listed impairments.  The Undersigned, therefore, deems any such argument waived.  *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (internal quotation marks and citations omitted); *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) (declining to consider claimant's general objection to ALJ's consideration of treating physicians' opinions "[i]n the absence of any . . . focused challenge").

The VE testified that Plaintiff had past relevant work history as a staffing coordinator for a medical staffing company and a patient registrar/coordinator, both performed at the semi-skilled, sedentary strength level. (R. at 44.)

The ALJ posed a series of hypotheticals to the VE regarding a hypothetical individual's residual functional capacity. The ALJ first asked the VE to assume an individual of Plaintiff's age and with her educational background and work experience. (R. at 45.) This individual could perform a range of light and sedentary work, with the following limitations: lift and carry ten pounds frequently and twenty pounds occasionally; standing and walking a total of four out of eight hours and sitting a total of four out of eight hours; can do all of the posturals occasionally, but no climbing of ladders, ropes, or scaffolds; no exposure to work hazards; pushing and pulling is limited to the lifting and carrying weight limitations; no forceful gripping; detailed but not complex tasks; only occasional and intermittent interactions; and few changes. (R. at 45–46.) The VE testified that based upon these limitations, the hypothetical individual could perform Plaintiff's past relevant work. The VE added that the individual could also perform other jobs such as food checker, with 3,439,000 positions available at the national level, and medical fee clerk, with 493,700 positions available at the national level. (R. at 46–47.)

The ALJ then modified the hypothetical to include a sit/stand option. The VE testified that this limitation is a variance, but that it would not affect the ability to do the essential functions of the foregoing positions. (R. at 47.) According to the VE, if the hypothetical individual needed to alternate his or her position once per hour for at least five minutes but could stay at the workstation, that accommodation would be tolerated so long as the essential function of the positions was not affected. (*Id.*)

The ALJ and Plaintiff's attorney proceeded to modify the hypothetical to include a number of additional limitations, such as no continuous use of a keyboard, diminished accuracy of work, and frequent bathroom breaks. (R. at 48–60.) The VE testified that these additional restrictions would decrease, and in some cases completely eliminate, the number of available positions. (*Id.*)

**C.     The Administrative Decision**

On January 6, 2011, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 9–18.) The ALJ found that Plaintiff had the following severe impairments: obesity; fibromyalgia; a lumbar disc protrusion; a history of bilateral ulnar neuropathy, status post left cubital tunnel decompression; an anxiety-related disorder with post-traumatic stress disorder; and a depressive disorder. (R. at 11.) She further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (R. at 12.) She set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a limited range of light and sedentary work (20 CFR 404.1567(b)). She can lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand/walk 4 hours in an 8-hour day and sit for 4 hours in an 8-hour day. She can perform all postural activities occasionally except she cannot climb ladders, ropes, and scaffolds. Her ability to push and pull is limited to 20 pounds occasionally and 10 pounds frequently. The claimant should avoid work hazards and forceful gripping. She can perform detailed but not complex tasks with only occasional and intermittent interactions with others. The claimant should also have few changes in her work environment.

(R. at 14.) Relying on the VE's testimony, the ALJ concluded that Plaintiff was able to perform her past relevant work as staffing coordinator and patient coordinator as well as other jobs

4

existing in the national economy.  (R. at 16–17.)  She therefore found that Plaintiff was not disabled.  (R. at 17–18.)

## II.

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ullman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial.  The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision.  *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Univ. Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).  Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  "When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, [the court does] not try the case *de novo*, resolve conflicts in evidence, or decide

questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III. ANALYSIS

Plaintiff's single contention of error, namely, that the ALJ erroneously relied upon the VE's testimony, is not well taken. Referencing the VE's testimony in response to the modified hypothetical, Plaintiff submits that the ALJ could not have based her finding that she is capable of gainful employment on the VE's testimony. Plaintiff thus concludes that the ALJ's decision is not supported by substantial evidence.

"In order for a VE's testimony to constitute substantial evidence that a significant number of jobs exist, the questions must accurately portray a claimant's physical and mental impairments." *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011); *Parks v. Soc. Sec. Admin.*, 413 F. App'x 856, 865 (6th Cir. 2011) (same). In formulating a hypothetical question, however, an ALJ is only "'required to incorporate those limitations accepted as credible by the finder of fact.'" *Carrelli v. Comm'r of Soc. Sec.*, 390 F. App'x 429, 438 (6th Cir. 2010) (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Here, the ALJ's original hypothetical to the VE incorporated all of the limitations that she found credible and supported by the evidence, namely, those restrictions she included in Plaintiff's RFC. As set forth above, in response to this initial hypothetical, the VE testified that

the hypothetical individual could perform Plaintiff's past relevant work as well as other jobs available in significant numbers in the economy at the national level.  Thus, the VE's testimony serves as substantial evidence in support of the ALJ's determination that Plaintiff could perform her past relevant work and adapt to a significant number of other jobs in the economy.  The VE's subsequent testimony (that the jobs he identified in response to the initial hypothetical may be eliminated as the hypothetical was modified to incorporate additional restrictions) does not undermine the ALJ's reliance on the VE's testimony in response to the initial hypothetical.  This is because the ALJ ultimately did not find those additional restrictions credible, evidenced by the fact that she did not incorporate them into Plaintiff's RFC.

In sum, the ALJ did not err in relying upon the VE's testimony.  Accordingly, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's sole contention of error.

## IV.

From a review of the record as a whole, the Undersigned concludes that substantial evidence supports the ALJ's decision denying benefits.  Accordingly, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  July 16, 2013                                          /s/ *Elizabeth A. Preston Deavers*
                                                              Elizabeth A. Preston Deavers
                                                              United States Magistrate Judge